<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONNESHA KIDD, etc., : | Civil No. 05-3810 (AET) |
| Plaintiff, : | |
| v. : | **O P I N I O N** |
| JAMES PETRELLA, etc., et al., : | |
| Defendants. : | |

**APPEARANCES**:

    TONNESHA KIDD, Plaintiff <u>Pro</u> <u>Se</u>
    P.O. Box 33153
    Trenton, New Jersey  08629

<u>**THOMPSON,**</u> District Judge

    Plaintiff Tonnesha Kidd seeks to bring this action individually and as mother and administratrix of the estate of Akia Shakur.  Based on her affidavit of poverty, the Court grants the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  <u>See</u> 28 U.S.C. § 1915(a).  Having thoroughly reviewed Plaintiff's pleading, the Court will dismiss the action for lack of jurisdiction.

**I.  BACKGROUND**

    Plaintiff seeks an order setting aside a decision of the Superior Court of New Jersey, Appellate Division.  Plaintiff asserts that Defendant she filed a notice of appeal in February 2002, in the Superior Court of New Jersey, Appellate Division.  She asserts that on May 21, 2003, Superior Court Judge James Petrella dismissed her appeal.  Plaintiff alleges that on July 31, 2003, Judge Petrella denied her motion for reconsideration of the order of dismissal.  Plaintiff

contends that the orders issued by the Judge Petrella are unconstitutional, illegal and contrary to the New Jersey court rules. She asks this Court to review the record of the proceedings and to issue an order vacating the dismissal of her appeal and reinstating the action.

## II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action brought by a person who is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III.  DISCUSSION

Federal courts are courts of limited jurisdiction. Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). As the Supreme Court stated in Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986),

> it is appropriate to restate certain basic principles that limit the power of every federal court. Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.

Id.

Article III of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing federal jurisdiction must appear on the face of the complaint. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936). The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189. Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

(1) Diversity Jurisdiction

The constitutional grant of diversity jurisdiction extends to "Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2; see also 28 U.S.C. § 1332. Diversity jurisdiction is determined by examining the citizenship of the parties at the time the complaint is filed. Smith v. Sperling, 354 U.S. 91 (1957). As the face of the Complaint at bar indicates that Plaintiff and at least one named Defendant are citizens of New Jersey, the Court does not have diversity jurisdiction over the action.

(2)  Federal Question Jurisdiction

A district court may also exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

In the instant Complaint, Plaintiff contends that a judge of New Jersey Appellate Division violated her constitutional rights and New Jersey law by dismissing her appeal.  This Court lacks jurisdiction over Plaintiff's Complaint because federal courts have no supervisory power over state court proceedings.  See County of Imperial, California v. Munoz, 449 U.S. 54 (1980); Juidice v. Vail, 430 U.S. 327 (1977); Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281 (1970); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). As the Supreme Court observed in Atlantic Coast Line Railroad Co., 398 U.S. at 286:

4

> While the lower federal courts were given certain powers in the 1789 Act, they were not given any power to review directly cases from state courts, and they have not been given such powers since that time. Only the Supreme Court was authorized to review on direct appeal the decisions of state courts. Thus from the beginning we have had in this Country two essentially separate legal systems. Each system proceeds independently of the other with ultimate review in this Court of the federal questions raised in either system . . . . Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court.

Based on the foregoing, this Court will dismiss Plaintiff's Complaint for want of jurisdiction.

### IV. CONCLUSION

The Court grants Plaintiffs application to file the Complaint in forma pauperis and dismisses the Complaint.

s/Anne E. Thompson<br>
ANNE E. THOMPSON, U.S.D.J.

Dated: September 9, 2005